THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| ANZEN BIO, LLC, a Utah Limited Liability Company, ) | Case No. 2:05CV570 DS |
| Plaintiff, ) | |
| vs. ) | MEMORANDUM OPINION AND ORDER ADDRESSING |
| ALDERON BIOSCIENCES, INC., a North Carolina Corporation, ) | DEFENDANT'S MOTION TO DISMISS |
| Defendant. ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On February 18, 2004 Anzen Bio and Alderon entered into a License Agreement granting Anzen Bio an exclusive license to use Alderon's technology and patents to design, manufacture, and market bio-sensor chips and bio-detectors, for a field of use defined in the agreement. In a June 20, 2005 letter, Alderon accused Anzen Bio of operating outside the License Agreement, and stated that unless it stopped, legal action would follow. Anzen Bio responded by filing this lawsuit seeking declaratory relief confirming that it was not infringing Alderon's patents. Alderon then filed a complaint in North Carolina state court. Alderon has filed a motion to dismiss in this case, alleging lack of subject matter jurisdiction, lack of personal jurisdiction, insufficient process, and failure to state a claim. The Court denies Alderon's motion to dismiss, with the exception of the portion of the motion dealing with the fourth claim for relief (punitive damages), which the court grants.

## II. THIS COURT HAS SUBJECT-MATTER JURISDICTION TO HEAR THIS CASE

The operation of the Declaratory Judgment Act is procedural only. *Aetna Life Ins. Co. Of Hartford, Connecticut v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937). The Act enlarges the range of remedies available to the federal courts, but does not extend their subject-matter jurisdiction. *Barr v. United States,* 478 F.2d 1152 (10th Cir. 1973), *cert. denied,* 94 S.Ct. 233, 414 U.S. 910, 38 L.Ed. 148 (1973). Before the Court may entertain this declaratory judgment action, there must be an independent basis of jurisdiction under statutes equally applicable to actions for coercive relief. *Chandler v. O'Bryan,* 445 F.2d 1045 (10th Cir. 1971), *cert. denied,* 405 U.S. 964, 92 S.Ct. 1176, 31 L.Ed.2d 241 (1971).

Anzen Bio bases its request for declaratory judgment relief on 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), which confer jurisdiction in the federal courts in the event of a claim based on a federal question or for "any civil Action arising under any Act of Congress relating to patents." However, the Court agrees with Alderon that Anzen Bio's complaint for declaratory judgment relief arises exclusively from a disagreement over the scope of the Field of Use provision in the License Agreement. Anzen Bio's claim for relief was not created by federal patent law, nor does it depend upon the resolution of any question of federal patent law. Clearly this Court has no federal question jurisdiction over this matter.

This does not mean, however, that this Court has no subject matter jurisdiction over Anzen Bio's first claim for relief. The Court takes judicial notice that there is complete diversity in this case; Alderon is a North Carolina citizen and AnzenBio is a Utah citizen. The amount in controversy is well over $75,000. While Alderon is correct in asserting that Anzen Bio's first claim for relief does not allege jurisdiction based upon diversity of citizenship, nor does it allege

damages in excess of the jurisdictional limit in that claim, jurisdiction clearly exists. It has been held that a jurisdictionally defective complaint can be regarded as satisfactorily amended if the record as a whole establishes the existence of the required diversity of citizenship between the parties. *Baer v. United Services Automobile Association*, 503 F.2d 393, 397 (2nd Cir. 1974). In the First Amended Complaint, ¶ 5, Anzen Bio asserts that this Court has diversity jurisdiction. And in ¶ 41, the amount in controversy is set at more than $175,000. There is clearly subject-matter jurisdiction in this case.

### III. ALDERON HAS A SUFFICIENT NUMBER OF MINIMUM CONTACTS WITH THE STATE OF UTAH FOR THIS COURT TO EXERCISE SPECIFIC PERSONAL JURISDICTION OVER IT.

In order to satisfy due process for the purpose of exercising personal jurisdiction under the Utah long-arm statute (§ 78-27-24), a corporation must have had a sufficient number of minimum contacts with the forum state such that the corporation "would anticipate being haled into court in that state." *Hydro Engineering, Inc. v. Landa, Inc,* 231 F.Supp.2d 1130, 1135 (D. Utah 2002).

Alderon argues that it does not have sufficient minimum contacts to support Utah's exercise of specific personal jurisdiction. The current relationship between the parties was initiated by Anzen Bio and most of the activities related to the contract occurred in North Carolina. In its complaint, Anzen Bio refers to numerous telephone calls and e-mails "directed into Utah" by Alderon, but offers no evidence of how many. Alderon's website is a general information website which is not used as means of "conducting electronic commerce," and which has not been connected to any specific transactions between the parties. Courts have held that a general information website, without more, does not support a finding of minimum contacts.

3

*Zippo Manufacturing Co. v. Zippo Dot Com, Inc.,* 952 F.Supp.1119 (W.D.Pa. 1997).   Alderon argues that these are insufficient contacts to establish specific personal jurisdiction.

However, AnzenBio need only make a prima facie showing of personal jurisdiction over Alderon.  And all factual disputes should be resolved in AnzenBio's favor.  The minimum contacts inquiry looks at whether Alderon purposefully availed itself of the benefits and privileges of Utah's laws, and whether Alderon deliberately created a relationship with Utah.

Clearly Alderon deliberately created a relationship with Utah.  Alderon agreed to contract with a Utah company, and agreed that Utah law would govern the parties with respect to the Licence Agreement.  Alderon has had repeated contacts with Utah in connection with the Agreement.  Alderon personnel visited Utah twice, and directed numerous telephone calls and e-mails into Utah.  Alderon also shipped product into Utah to AnzenBio, and earned royalty income from AnzenBio in Utah.  Finally, Alderon maintains a website that could be seen as directing advertising into Utah.  Considered all together, the contacts are sufficient to satisfy due process.

### III.  ANZEN BIO'S SUMMONS WAS SUFFICIENT, AS WAS ITS SERVICE OF PROCESS, SO THE COMPLAINT SHOULD NOT BE DISMISSED.

**A.  Anzen Bio's error in specifying the correct time for filing the answer was minor and was not prejudicial, so the summons was adequate.**

Rule 12(a)(1)(A) of the Federal Rules states that a defendant must serve an answer within twenty days after being served with a summons and complaint.  The summons which Anzen Bio served on Alderon stated that Alderon had thirty days to serve an answer.  Alderon argues that had it relied on the 30 days set forth in the summons and waited to retain counsel, it would have been subject to threat of default judgment.  So the summons is defective as a matter of law.

The Court disagrees.  Courts have held that even if the summons specifies an incorrect time for filing the answer, "dismissal is generally not justified absent a showing of prejudice." *United Food & Commercial Workers Union v. Alpha Beta Co.,* 763 F.2d 1371, 1382 (9th Cir. 1984).  In fact, "a summons specifying an incorrect time for the submission of the answer normally should be deemed cured by defendant's responding to it and filing an answer."  *U.S. v. Carney*, 796 F.Supp. 700, 704 (E.D.N.Y. 1992)(citing 4A C. Wright & A. Miller, Federal Practice & Procedure: Civil 2d § 1088, at 31-32 (1987)).

Anzen Bio argues that it provided for a 30-day response time to give Alderon, a company outside of Utah, time to obtain counsel and answer the complaint.  This minor technical error was, if anything, more generous to Alderon than necessary.  Alderon was not prejudiced, and in fact, filed a timely response.  So dismissal is not justified.

**B.  Service of process was also sufficient under North Carolina law.**

According to Rule 4(e)(1) FRCP, North Carolina (the state in which service was made) Rules of Civil Procedure govern service of process in this case.  North Carolina requires that summons be left with an officer, director, managing agent, or person "apparently in charge of the office."  N.C.R.Civ.P. 4(j)(6)(a).  The summons and complaint in this case were served on Phyllis Harris, who was the receptionist, bookkeeper, and office manager of Alderon.  She told the process server that she could not sign for any documents and that she could not take responsibility for any documents left behind. (Harris Aff. § 9 and 10)  Alderon argues that Phyllis Harris could not possibly have been perceived as a person "apparently in charge of the office," making the service of process insufficient.

The North Carolina Court of Appeals has held that service was valid where a secretary said that a manager was not present and that in his absence, she was in charge of the office. *See, William v. Burroughs Wellcome Co.,* 265 S.E.2d 633, 635-36 (N.C. App. 1980). The secretary need not have specific authority in the office, but must merely appear to be in charge. *Id.* at 636. In this case, Phyllis Harris told the process server, Lee Caviness, that all of the officers were out of town for an extended period of time. (Harris Aff. ¶7; Caviness Aff. ¶6-9) When asked if she was in charge of the office, she responded, "Yes." (Caviness Aff. § 10) Alderon's filing of this motion and accompanying affidavits demonstrates that the company's officers were in fact alerted to and given notice of the lawsuit. This Court holds that Phyllis Harris was "apparently in charge" sufficient to make service valid under North Carolina law.

**IV. ANZEN BIO'S COMPLAINT DOES STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED, WITH THE EXCEPTION OF THE FOURTH CLAIM FOR RELIEF, WHICH IS HEREBY DISMISSED.**

**A. Anzen Bio's second and third claims for relief are ripe for review, because Section 14 of the License Agreement applies only to an attempt to terminate the agreement.**

Alderon argues that Anzen Bio's second and third claims for relief are not ripe for review by this or any other court. Pursuant to Section 14 of the License Agreement, Anzen Bio was required to give 45 days notice to Alderon of alleged breaches of the License Agreement to allow Alderon to cure those breaches. Anzen Bio did not provide Alderon with the required notice or opportunity to cure. Therefore, Alderon argues that Anzen Bio's breach of contract claims are not ripe for review, do not state claims for which relief can be granted, and must be dismissed.

Anzen Bio, however, notes that Section 14 and its 45-day notice provision apply only to an attempt to terminate the License Agreement. Anzen Bio is not seeking to terminate the

License Agreement, but is asking this Court to affirm the License Agreement and to declare that Anzen Bio is not infringing Alderon's patents. Section 14 and its notice provision clearly do not apply here, so the second and third claims should not be dismissed.

The Court notes that in Alderon's reply memo, it presents several new arguments that Anzen Bio has failed to allege facts sufficient to state a proper claim for breach of contract. However, the Local Rules require that the reply memo be limited to rebuttal of matters raised in the opposition memo. D. Utah Civ. R. 7-1(b)(3). Therefore, the Court will not consider these new arguments.

**B. Because Anzen Bio did not participate in the alleged attempted fraud and was not damaged, the motion to dismiss the fourth claim for relief is hereby granted.**

Anzen Bio's Complaint, in its fourth claim for relief, requests punitive damages based on allegations that Alderon "sought Anzen Bio's complicity in a plan to defraud the U.S. National Institute of Health." (Complaint § 25) No jurisdiction recognizes a claim for punitive damages based upon an attempted, but unconsummated fraud in which the claiming party did not participate and from which it suffered no damages. Anzen Bio does not claim that Alderon actually defrauded NIH, that Anzen Bio was duped into participating in such a fraud, or that it was damaged as a result of the "planned" but unconsummated fraud. Alderon argues that Anzen Bio's fourth claim is nonsensical and must be dismissed.

Anzen Bio responds by stating that under Utah law an attempt to commit a crime is criminal behavior on its own. Alderon's attempt to involve Anzen Bio in a conspiracy was an attempt to commit a crime, so under Utah law it was criminal behavior. Because Anzen Bio would have been severely damaged had it participated with Alderon, Alderon's attempted

conspiracy should be punished through punitive damages. The Court agrees with Alderon that this fourth claim is indeed nonsensical and should be dismissed.

## V.  CONCLUSION

For the foregoing reasons Alderon's Motion to Dismiss Plaintiff's First Amended Complaint is denied, with the exception of the portion dealing with the Fourth Claim for Relief, which is hereby granted.

SO ORDERED.

DATED this 2nd day of November, 2005..

BY THE COURT:

_David Sam_

DAVID SAM
SENIOR JUDGE
U.S. DISTRICT COURT